IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFF BAOLIANG ZHANG, Ph.D., | ) | |
| | ) | Civil Action No. 24-440 |
| Plaintiff, | ) | |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| DORRANCE PUBLISHING CO., *et al.*, | ) | Re: ECF No. 13 |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Pending before the Court is a Motion to Dismiss, ECF No. 13, filed by Defendants

Dorrance Publishing Co. ("Dorrance"), Michael Knapp ("Knapp"), and Vickie Kowalecki

("Kowalecki") (collectively, "Defendants"), requesting that the Complaint, ECF No. 7, filed by

Plaintiff Jeff Baoliang Zhang ("Zhang") be dismissed with prejudice.

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be

granted.

**II.     REPORT**

    **A.     FACTUAL BACKGROUND**

Zhang is the author of a book entitled "Accusing the American Judicial System of Rampant

Corruption." (the "Judicial Corruption Book"). ECF No. 7 ¶ 6. On August 19, 2010, Zhang and

Defendant Dorrance (via its imprint, RoseDog Books) entered into a "Print on Demand Publishing

Agreement" (Contract No. 24-3986-R) (the "Publishing Agreement"), for the printing, publication,

promotion, and distribution of the Judicial Corruption Book through on-demand orders and e-book

channels. Id. ¶¶ 7-10; ECF No. 1-2 at 17-26.[1]

---

[1] The Complaint is docketed at ECF No. 7. The exhibits to the Complaint are docketed at ECF No. 1-2.

Under the Publishing Agreement, Zhang would be paid certain royalties on sales of the Judicial Corruption Book. ECF No. 1-2 at 19-20. Section XVI of the Publishing Agreement contains an arbitration provision, which states:

> Any dispute, controversy or claim, of whatsoever nature, concerning, arising out of or relating to this agreement, or the breach thereof, or the [Judicial Corruption Book], and any dispute, controversy or claim, of whatsoever nature, arising between [Zhang] and [Dorrance] (including [Dorrance's] officers, directors and employees) shall be governed by the substantive and procedural law of the State of Pennsylvania, including Pennsylvania arbitration law and shall be resolved by binding arbitration, administered by the American Arbitration Association then in effect, and judgment upon the award rendered by the arbitrator may be entered in a court having jurisdiction thereof.

Id. at 25.

Two years later, on September 15, 2012, Zhang wrote a letter to Dorrance, stating he had "concerns about the book." ECF No. 7 ¶ 18; ECF No. 1-2 at 2. He requested a royalties statement. ECF No. 7 ¶ 18; ECF No. 1-2 at 2. "Some days later," Dorrance informed Zhang that he owed Dorrance money. ECF No. 7 ¶ 19. This surprised Zhang, as he believed that he had paid all sums owed to Dorrance under the Publishing Agreement in 2011. Id.

On October 16, 2012, Zhang wrote to Defendant Kowalecki, a Dorrance employee, disputing that he owed Dorrance money. Id. ¶ 20; ECF No. 1-2 at 3. He again requested a royalties statement. ECF No. 7 ¶ 20; ECF No. 1-2 at 3. That same day, Defendant Knapp, another Dorrance employee, wrote Zhang and informed him that there were no book sales in the past year. ECF No. 7 ¶ 21. Zhang wrote back and accused Defendants of dishonesty. Id.

A year later, on September 9, 2013, Zhang again wrote Knapp and requested a royalties statement. Id. ¶ 22; ECF No. 1-2 at 4. Subsequently, Zhang received a letter from Defendants requesting a $30 Author Alteration Fee. ECF No. 7 ¶ 23.

On October 28, 2013, Zhang wrote Kowalecki. Id. ¶ 24; ECF No. 1-2 at 5. He refuted that he owed a fee to Defendants. ECF No. 1-2 at 5. He also requested that his address at the end of the Judicial Corruption Book be changed in future publications. Id. On November 8, 2013, Defendants again sent Zhang a statement for a $30 Author Alteration Fee. ECF No. 7 ¶ 25.

On November 25, 2013, Zhang wrote Kowalecki and informed her that he did not owe Defendants $30. Id. ¶ 26; ECF No. 1-2 at 6. Defendants replied, again stating that Zhang owed $30. ECF No. 7 ¶ 27.

"In the following years," Zhang occasionally wrote Defendants requesting a royalties statement, but they "kept sending the same $30 bill statement." Id. ¶ 31.

In August 2020, Zhang was "discharged from prison hospital" and called Dorrance. Id. ¶ 34. After the first call, Defendants ignored Zhang's calls, despite several messages asking about royalties. Id. ¶ 35-36.

At some point, Dorrance sent Zhang an Earnings Statement, which revealed that from November 1, 2019 to April 30, 2020, there were no sales of his book. Id. ¶ 37; ECF No. 1-2 at 8. Later, on August 28, 2020, Zhang received a letter stating that Dorrance sent him $2.88 for the past 10 years of royalties for the Judicial Corruption Book. ECF No. 7 ¶ 37; ECF No. 1-2 at 9. Zhang alleges that this royalties statement is false, because he knew someone read his book in 2014. ECF No. 7 ¶ 38.

On September 15, 2020, Zhang wrote Knapp and accused him of sending an inauthentic royalties statement. Id. ¶ 42. Zhang requested a "real, trustworthy sale summary report." Id. On November 15, 2024, Zhang wrote to Knapp again demanding a "real and trustworthy sale report." Id. ¶ 43.

On March 5, 2021, Zhang wrote Knapp, requesting a copy of the Judicial Corruption Book so he could re-edit and publish it himself. Id. ¶ 45. However, when Defendants sent Zhang a file, he could not open it. Id. ¶¶ 46-47. After several days of communication and troubleshooting between Zhang and Knapp, Zhang failed to remedy the issue with the manuscript file. Id. ¶¶ 48-53. At some point, Defendants stopped responding to Zhang's communications. Id. ¶ 54.

## B. PROCEDURAL HISTORY

### 1.    State Action

On February 23, 2022, Zhang commenced a civil action against Defendants in the Court of Common Pleas of Allegheny County, at GD No. 22-002008, by filing a *pro se* Complaint. Zhang alleged causes of action for breach of contract and fraud, arising out of the above facts. ECF No. 7 ¶ 55; Complaint ("State Cmpl."), Zhang v. Dorrance Publ'g Co., GD No. 22-002008 (Pa. Ct. Comm. Pleas Feb. 23, 2022) (the "State Action") ¶¶ 54-71.[2] He issued a $50,000,000 demand. State Cmpl. ¶ IV.2.

On August 9, 2022, Defendants filed a Motion to Compel Arbitration and Stay Judicial Proceedings ("Motion to Compel"). ECF No. 14-3; State Action Dkt. No. 7. Zhang opposed the Motion to Compel arguing that the Publishing Agreement containing his signature and the arbitration provisions were "fake." State Action Dkt. No. 8; State Cmpl. ¶ 57.

On October 12, 2022, Judge Mary McGinley held an evidentiary hearing on the Motion to Compel, during which Zhang testified that the Publishing Agreement was invalid. State Cmpl. ¶¶ 56-57; State Action Dkt. No. 9. That same day, Judge McGinley entered an Order granting the Motion to Compel "after evidentiary hearing re: validity of agreement[,]" ordering that Zhang "must submit all disputes with Defendants and causes of action alleged against Defendants in the

---

[2] This Court takes judicial notice of the public docket of the Court of Common Pleas of Allegheny County in Zhang v. Publ'g Co., GD No. 22-002008.

Complaint, and otherwise, to binding arbitration administered by the American Arbitration Association in accordance with the parties' Agreement." ECF No. 14-4; State Action Dkt. No. 10. She also stayed the State Action pending further order of court. ECF No. 14-4; State Action Dkt. No. 10. Between November 2022 and September 2023, Zhang submitted seven filings requesting another judge hear his case. State Action Dkt. Nos. 11-17. The State Action Docket does not contain a notice of appeal.

### 2.    Federal Action

On March 22, 2024, Zhang commenced the instant case. ECF No. 1. He filed a Motion for Leave to Proceed *in Forma Pauperis*, with an attached Complaint in the United States District Court for the Western District of Pennsylvania (the "Federal Action"). Id. After filing deficiencies were cured, the Complaint was filed on May 15, 2024. ECF No. 7.

Based on the above-noted alleged facts, Zhang alleges Defendants breached their contract, committed fraud in violation of 18 U.S.C. § 1341,[3] and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. ECF No. 7 ¶¶ 66-84. Zhang seeks compensatory damages of $50,000,000. Id. ¶ IV.3.

Defendants filed a Motion to Dismiss and Brief in Support on June 26, 2024. ECF Nos. 13 and 14. Zhang filed "Strong Objection to Defendants' Motion to Dismiss" on July 15, 2024. ECF No. 18. Defendants filed a Reply Brief on July 29, 2024. ECF No. 19. Zhang filed a sur-reply, styled as "Declaration; Defendants Have Used Too Much Cheating" on August 14, 2024. ECF No. 21.

The Motion to Dismiss is now ripe for consideration.

---

[3] The Court notes that 18 U.S.C. § 1341 is a criminal offense. Therefore, the Court will construe this claim as a common law fraud claim. See Bailey v. Nelnet Student Loan Servicer, No. 22-1311, 2023 WL 2332571, at *3 (W.D. Pa. Mar. 2, 2023).

C.    STANDARD OF REVIEW

1.    Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not

suffice. Therefore, the complaint "must allege facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim].").

### 2. *Pro Se* Pleadings and Filings

In the instant case, Zhang is proceeding *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Dep't. of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Even so, there are limits to the court's procedural flexibility – "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . . [T]hey cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Zhang is a *pro se* litigant, the Court will consider the facts and make inferences where it is appropriate.

### D.    DISCUSSION

#### 1.    *Res Judicata*

In their Brief, Defendants argue that the doctrine of *res judicata* bars Zhang's claims. ECF No. 14 at 6. They assert that the material facts alleged the Complaints in both Zhang's State Action and the Federal Action are substantively identical. Id. at 7. Accordingly, all the claims brought here could have also been brought in the State Action and should be dismissed because of *res judicata*. Id.

Zhang responds that Defendants "cheated" in both the State Action and the Federal Action. ECF No. 18 at 3. He argues that the Publishing Agreement's arbitration clause is unenforceable because it was not valid agreement. Id. at 4. Zhang further asserts that "the state court judge did not want to take this case seriously or lawfully." Id. at 6.

Defendants reply that Zhang had a "full and fair opportunity" to litigate the State Action. ECF No. 19 at 1. Defendants argue that Zhang has repeatedly challenged the authenticity of the Publishing Agreement, but the State Action had already determined its validity. Id.

Zhang counters Defendants' reply by reiterating verbatim many of the same arguments from his response filing. ECF No. 21 at 2-5. He also argues that the court in the State Action refused to have a trial, therefore *res judicata* is inapplicable. Id. at 5.[4]

"*Res judicata*, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Att'y Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010) (internal citations omitted). "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually

---

[4] As noted above, Judge McGinley held an evidentiary hearing relative to the Motion to Compel Arbitration. ECF No. 14-4.

litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citation omitted). The purposes underlying the *res judicata* doctrine are "to conserve judicial resources, establish certainty and respect for court judgments, and to protect the party that relies on prior adjudication from vexatious litigation." Jett v. Beech Interplex, Inc., No. 02-9131, 2004 WL 1588230, at *2 (E.D. Pa. July 15, 2004) (quoting Radakovich v. Radakovich, 846 A.2d 709, 714 (Pa. Super. Ct. 2004)).

Under the Full Faith and Credit Act, a federal court must give a state court judgment the same preclusive effect it would be given by the court that rendered the judgment. 28 U.S.C. § 1738 (1988). See Del. River Port Auth. v. Fraternal Ord. of Police, 290 F.3d 567, 573 (3d Cir. 2002) ("A federal court looks to the law of the adjudicating state to determine its preclusive effect.") (citing Greenleaf v. Garlock, Inc., 174 F.3d 352, 357 (3d Cir. 1999)). Accordingly, this Court must afford the Pennsylvania judgment the same preclusive effect, if any, that Pennsylvania courts would give. Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 (3d Cir. 1999). See also Regscan, Inc. v. Brewer, No. 04-6043, 2006 WL 401852, at *5-6 (E.D. Pa. Feb. 17, 2006), aff'd, 289 F. App'x 488 (3d Cir. 2008). Because the State Action occurred in Pennsylvania state court, this Court will apply Pennsylvania law to determine whether Zhang's claims are precluded by the doctrine of *res judicata*.

Under Pennsylvania law, the application of claim preclusion requires "the concurrence of four conditions between the present and prior actions: (1) identity of issues; (2) identity of causes of action; (3) identity of parties or their privies; and (4) identity of the quality or capacity of the parties suing or being sued." Radakovich, 846 A.2d at 715 (citing Yamulla Trucking & Excavating Co. v. Justofin, 771 A.2d 782, 784 (Pa. Super. Ct. 2001)). It is important to note that *"res judicata*

will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" <u>Massullo v. Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C.</u>, No. 98-116, 1999 WL 313830, at \*5 (E.D. Pa. May 17, 1999) (quoting <u>Helmig v. Rockwell Mfg. Co.</u>, 131 A.2d 622, 627 (Pa. 1957)).

### a.    Identity of issues

For a concurrence of the first factor – identity of issues – to exist between the State Action and the Federal Action, "the thing sued upon" must be the same. <u>Turner v. Crawford Square Apartments III, L.P.</u>, 449 F.3d 542, 549 (3d Cir. 2006). The State Action involved Zhang's allegations that, though the Publishing Agreement, Defendants defrauded him, deprived him of royalties, and refused to give him the manuscript of the Judicial Corruption Book. State Cmpl. The Federal Action arises out of those same facts. ECF No. 7. Indeed, both Complaints reference many, if not most of the same facts, and the same communications between Zhang and Defendants. Further, Zhang's demand in both actions is $50,000,000. State Cmpl. ¶ IV.2; ECF No. 7 ¶ IV.3.

Additionally, the State Action involved a determination as to whether the Publishing Agreement was valid. State Action Dkt. No. 10. The same issue is present in the Federal Action. Indeed, Zhang alleges the Publishing Agreement is "fake" in the Complaint. ECF No. 7 ¶ 56.

Accordingly, the Court finds there is a concurrence of the identity of issues between the State Action and the Federal Action.

### b.    Identity of causes of action

To have a concurrence of the second factor – identity of the causes of action – "the subject matter and the ultimate issues [should be] the same in both the old and new proceedings." <u>Merkel v. W.C.A.B. (Hofmann Indus.)</u>, 918 A.2d 190, 193 (Pa. Commw. Ct. 2007). In the State Action,

Zhang brought breach of contract and fraud causes of action against Defendants. State Cmpl. ¶¶ 54-71. In the Federal Action, Zhang brings breach of contract, fraud, and civil RICO claims against Defendants. ECF No. 7 ¶¶ 66-88. The breach of contract and fraud claims are identical in both actions.

"[T]he doctrine of *res judicata* applies not only to matters that actually were litigated in the old proceeding, but also to matters that could have been, or should have been, litigated in the old proceeding." Merkel, 918 A.2d at 193. RICO is a civil cause of action predicated on a violation of the mail fraud statute. It is similar to a fraud claim, and Zhang could have brought it in the State Action. See Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 648 (2008) ("Using the mail to execute or attempt to execute a scheme to defraud is indictable as mail fraud, and hence a predicate act of racketeering under RICO.") As a result, the Court finds a concurrence of the identity of the causes of action between the State Action and the Federal Action.

### c.    Identity of parties

Concurrence of the third factor – identity of the parties – is also present. Zhang sued the same Defendants in the State Action, as in the Federal Action. Accordingly, this prong is satisfied.

### d.    Identity of quality or capacity of the parties suing or being sued

There is no dispute about the fourth factor – whether the parties had the capacity to be sued. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006); Stevens Painton Corp. v. First State Ins. Co., 746 A.2d 649, 654 (Pa. Super. Ct. 2000) (noting capacity is whether "each party had the ability to sue and be sued"). Accordingly, the fourth factor necessary to apply *res judicata* is met.

### e.   Final judgment

Having concluded that the four requisite factors for *res judicata* exist between the State Action and Federal Action, the Court must evaluate whether there was a final judgment on the merits in the State Action.

The judgment at issue is Judge McGinley's order compelling arbitration.[5] After holding an evidentiary hearing, Judge McGinley held that the Publishing Agreement was valid and enforceable. State Action Dkt. No. 10. While Zhang argues that he submitted several filings in the State Action after Judge McGinley entered the order compelling arbitration, there was no appropriate appeal of that order. See State Action Dkt. Nos. 11-17.

Many courts have held that a state court order denying or compelling arbitration is considered a final judgment for purposes of issue preclusion. See Towers, Perrin, Forster, & Crosby, Inc. v. Brown, 732 F.2d 345, 349 (3d Cir. 1984) (holding that a California state court order denying arbitration was final for purposes of *res judicata* because, *inter alia*, "[t]his is . . . a matter of common sense. There must be a limitation on successive petitions to compel arbitration other than the imagination or willpower of the party seeking arbitration, lest judicial proceedings on the merits be indefinitely delayed"); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983) (noting in *dicta* that a state court determination of arbitration would be *res judicata* in the federal forum); Gen. Accident Fire & Life Assurance Corp. v. Flamini, 445 A.2d 770, 772 (Pa. Super. 1982) (holding that an order allowing arbitration to proceed was a final judgment for purposes of *res judicata* because "Pennsylvania law takes a broad view of what constitutes a 'final judgment' for purposes of *res judicata*") (citing Bearoff v. Bearoff Bros., 327 A.2d 72, 76 (Pa. 1974)).

---

[5] The Court notes that if a Motion to Compel Arbitration was before it, it would have granted such motion, giving full comity to the judgment in the State Action.

Further, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, et. seq., is instructive. The FAA considers an order compelling arbitration and dismissing the underlying claims to be a final decision. 9 U.S.C. § 16; Lamps Plus, Inc. v. Varela, 587 U.S. 176, 181 (2019).

Therefore, the Court finds Judge McGinely's order compelling arbitration in the State Action is a final judgment on the merits for purposes of *res judicata.* Accordingly, it is recommended that Defendants' Motion to Dismiss be granted, and Zhang's claims against Defendants be dismissed with prejudice, as barred by *res judicata* .

### 2.    Statute of Limitations

In the alternative, the Court will also consider Defendants' argument that Zhang's claims are time-barred by the applicable statutes of limitations.

In their Brief, Defendants argue that Zhang's claims are untimely and are barred by the statutes of limitations. ECF No. 14 at 9. Defendants aver that the relevant statutes of limitations on Zhang's claims are: four years for the civil RICO claim; four years for the breach of contract claim; and two years for the fraud claim. Id. They point out that Zhang specifically alleges in his Complaint that: (1) in October 2012, he believed Dorrance "was dishonest in business practice," ECF No. 7 ¶¶ 20-21; (2) Dorrance "cheated Plaintiff since 2011," Id. ¶¶ 63, 87; (3) since 2012, Dorrance breached the Publishing Agreement and defrauded Zhang by demanding the payment of a $30.00 "Author Alteration Fee," Id. ¶¶ 23, 27-30, 43, 70, 76; and (4) since 2013, Dorrance defrauded Zhang by concealing the amount of royalties allegedly due to him, Id. ¶¶ 30-32, 42, 64, 72, 76, 85. ECF No. 14 at 10. Therefore, Defendants argue that Zhang's claims are untimely, because he had to bring his fraud claim by 2014 (two years) and the RICO and breach of contract claims by 2016 (four years) based on the alleged date of injury in 2012. Id.

Zhang responds that his claims "can never be time-barred." ECF No. 18 at 15. Zhang also argues that he was imprisoned during the relevant time period and could not take legal action. Id. at 15-16. Accordingly, he asserts, the statutes of limitations do not apply. Id.

Defendants reply that imprisonment does not extend the applicable statutes of limitations. ECF No. 19 at 3. Therefore, Defendants argue, Zhang did not timely file suit. Id.

In his sur-reply, Zhang again refutes Defendants' contention that his claims accrued by 2012, primarily reiterating verbatim the arguments from his response filing. ECF No. 21 at 6-8. He asserts he did not file suit before 2021, because he was waiting for a reply from Defendants. Id. at 8. Zhang also asserts that he did not realize that Defendants were "cheaters" until they informed him he was only owed $2.88 in royalties in August 2020. Id. Further, Defendants failed to provide his Judicial Corruption Book manuscript in March 2021. Id. As a result, Zhang argues, his claims are not time-barred. Id.

Statute of limitations is an affirmative defense. Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). In the Third Circuit, a statute of limitations defense may be raised by a motion under Rule 12(b)(6) (like the instant Motion to Dismiss) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)) (internal quotations omitted). See also Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975) ("[A] Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."). "However, '[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" Id. (quoting Robinson, 313 F.3d at 134-35).

The statute of limitations for a civil RICO claim is four years. <u>Agency Holding Corp. v.</u>

<u>Malley-Duff & Assocs., Inc.</u>, 483 U.S. 143, 156 (1987); <u>Mathews v. Kidder, Peabody & Co.</u>, 260

F.3d 239, 257 n. 26 (3d Cir. 2001). ("[P]laintiff has four years from the time she discovers her

injury to investigate, gather evidence, and bring suit."). In Pennsylvania, the statute of limitations

for a breach of contract action is four years. 42 Pa. Cons. Stat. § 5525(8). The statute of limitations

is two years for a fraud claim. 42 Pa. Cons. Stat. § 5524(7). Under Pennsylvania law, the statute

of limitations starts to run as soon as "the cause of action accrued[.]" <u>Id.</u> § 5502(a).

At the outset, the Court notes that, contrary to Zhang's argument, imprisonment does not

extend or toll the statute of limitations. 42 Pa. Cons. Stat. § 5533(a) ("imprisonment does not

extend the time limited by this subchapter for the commencement of a matter"); <u>Makozy v. Dietz</u>,

No. 20-3050, 2022 WL 17335815, at *2 (3d Cir. Nov. 30, 2022) ("Pennsylvania law is clear that

a plaintiff's imprisonment does not toll a statute of limitations."). Therefore, Zhang's contention

that he could not file suit while imprisoned does not aid his argument that his claims are timely.

Under Pennsylvania law, "lack of knowledge, mistake or misunderstanding do not toll the

running of the statute of limitations." <u>Rice v. Diocese of Altoona-Johnstown</u>, 255 A.3d 237, 246

(Pa. 2021) (quoting <u>Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.</u>, 468 A.2d 468, 471 (Pa.

1983)). But an untimely claim may be saved by the discovery rule. <u>Prime Energy & Chem. LLC</u>

<u>v. Tucker Arensberg, P.C.</u>, No. 23-2169, 2024 WL 4441492, at *2 (3d Cir. Oct. 8, 2024).

> The discovery rule, tolls the statute of limitations when an injury or its cause is not
> reasonably knowable. The discovery rule uses the "inquiry notice" approach . . .
> that ties commencement of the limitations period to actual or constructive
> knowledge of at least some form of significant harm and of a factual cause linked
> to another's conduct. This inquiry does not require notice of the full extent of the
> injury, the fact of actual negligence, or precise cause. Rather, a fraud claim's two-
> year limitations period begins to run when a plaintiff is put on inquiry notice by
> "storm warnings" of possible fraud. Furthermore, plaintiff's inability to know of
> the injury must be "despite the exercise of reasonable diligence."

15

Id. (internal citations, quotations, and alterations omitted). See also Mathews, 260 F.3d at 251 ("In the context of a RICO action predicated upon a securities fraud claim, we hold that a plaintiff is on inquiry notice whenever circumstances exist that would lead a reasonable investor of ordinary intelligence, through the exercise of reasonable due diligence, to discover his or her injury.").

As to the fraud and civil RICO claims, Zhang first had "storm warnings" of Defendants' possible fraud in September 2012.[6] ECF No. 7. Even though he alleges Defendants unlawfully withheld his book manuscript in 2021, Id. ¶¶ 46-54, Zhang was on notice of the potential issues with Defendants nine years earlier. In 2012, Zhang wrote to Defendants alleging that they were dishonest as to the number of books he sold, that they were depriving him of his royalties due under the Publishing Agreement, and that Defendants were levying an inappropriate $30 fee on him. Id. ¶¶ 18-30. As such, in 2012 and 2013, "a reasonable person in [Zhang's] position should have discovered these injuries with the exercise of due diligence." Williams v. Elliott, No. 18-5418, 2024 WL 3937560, at *7 (E.D. Pa. Aug. 26, 2024). Based on Zhang's averments in the Complaint, the two-year statute of limitations on the fraud claim ran in 2014 and no later than 2015, and the four-year statute of limitations for the civil RICO claim ran at least in 2016 and no later than 2017.

As to breach of contract claim, it is also-time barred. "In a contract case, a cause of action accrues when there is an existing right to sue forthwith on the breach of contract." Kowalski v. TOA PA V, L.P., 206 A.3d 1148, 1158 (Pa. Super. 2019) (internal citations and quotations omitted). Zhang's alleged breach of contract claim was present in 2012 and 2013, as evidenced by his letters accusing Defendants of depriving him of his owed royalties. Wasielewski v. Goebel Ins. Agency, Inc., No. 2021 EDA 2023, 2025 WL 66728, at *5 (Pa. Super. Ct. Jan. 10, 2025). In fact,

---

[6] Even if the Court found Zhang's claims did not accrue until later in his investigation, on September 9, 2013, ECF No. 7 ¶ 22, the statute of limitations analysis remains the same.

Zhang states in his Complaint that there "was a clear violation of the contract" in 2013. ECF No. 7 ¶ 30. Based on this averment, the four-year statute of limitations ran in 2017 at the latest.

For these reasons, the Court finds that all of the claims alleged in the Complaint are clearly time-barred. This lawsuit was initiated in 2024 – far more than two years after 2012 (which is untimely pursuant to the fraud statute of limitations) and more than four years after 2012 (which is untimely pursuant to the breach of contract and civil RICO statutes of limitations). Thus, Zhang's case is untimely, and his claims are barred by the applicable statutes of limitations. Williams v. Prison Health Sys., 470 F. App'x 59 (3d Cir. 2012) (affirming the granting of a motion to dismiss where the underlying claims were barred by the statute of limitations); Jackson v. SCI-Camp Hill, No. 11-135, 2012 WL 3990888, at *3 (M.D. Pa. Sept. 11, 2012), aff'd, 530 F. App'x 150 (3d Cir. 2013) (granting a motion to dismiss on the grounds that the claim was time-barred).

Accordingly, it is recommended that Defendants' Motion to Dismiss be granted and Zhang's claims against Defendants be dismissed with prejudice, as barred by the applicable statutes of limitations.

### 3.    Civil RICO Claim

In their Brief, Defendants also move to dismiss Zhang's civil RICO claim, because Zhang does not adequately allege the existence of an enterprise within the meaning of Section 1962(c), nor does he allege a sufficient pattern of racketeering activity. ECF No. 14 at 11-15. In light of the recommended rulings based on *res judicata* and the statutes of limitations bar, the Court does not need to address Defendants' argument as to whether Zhang has made out a justiciable RICO claim. If, however, the Court was to address this argument, it clearly appears that Zhang has not properly pleaded a civil RICO claim, nor met the applicable statutory requirements.

**4.    Amendment**

A court need not provide leave to amend a complaint where amendment would be futile, meaning that the complaint as amended would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Based on the Court's findings as set forth above, Zhang should not be granted leave to amend his complaint, because no additional facts could support his claims, and the claims fail as a matter of law, rendering the claims frivolous and any amendment futile.

**E.    CONCLUSION**

For the reasons set forth herein, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 13, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: February *12*, 2025                    Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

18

cc:    Honorable Nora Barry Fischer
        United States District Judge

        JEFF BAOLIANG ZHANG
        PO Box 41272
        Los Angeles, CA 90041
        213-436-9390

        All counsel of record via CM/ECF.